### TERRY v. MOORE.

(Supreme Court, Appellate Division, First Department. December 11, 1896.)

PLEADING—WITHDRAWAL OF DEMURRER—LEAVE TO ANSWER.

    Leave to withdraw a demurrer and interpose an answer will be granted, where defendant swears to the merits, and the answer denies substantial averments of the complaint, and sets up an affirmative defense, and the allegations in the answer are such as, if established, would defeat plaintiff's action.

Appeal from special term, New York county.

Action by Cornelia T. Terry against Katharine T. Moore for a renewal lease. From an order denying a motion for leave to withdraw a demurrer and to serve answer, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

C. E. Souther, for appellant.
J. M. Buckingham, for respondent.

PATTERSON, J. We think the motion, from the order denying which this appeal is taken, should have been granted. The remittitur from the court of appeals (44 N. E. 1229) was amended by an order of that court so as to allow the defendant to apply to the special term of the supreme court within a fixed time for leave to withdraw her demurrer and interpose. an answer. While this action of the court of appeals is in no way decisive of the defendant's right to interpose an answer, it is obvious that the court must have considered that some substantial matters might exist which would constitute a defense, and upon which the defendant should be heard. Upon examining the papers used upon the motion under consideration, it appears that merits are sworn to by the moving party, and that there are denials of substantial averments of the complaint which affect the right of the plaintiff to a renewal of the lease to compel the execution of which the action was brought. It also appears that an affirmative defense is set up which attacks the arbitration referred to in the complaint, and by which the plaintiff's claim was determined, and the annual ground rent to be paid upon a renewal of the lease fixed, and the award upon which arbitration the plaintiff insists is binding on all the parties, including the present moving party. That affirmative defense is that the defendant now moving was not a party to the submission, and was not substituted thereto, and that the arbitration was continued without reference to her; and other matters are set up which would affect the question of the binding character of the award upon her. The matters thus set up in the proposed answer are such, if established, as may defeat the plaintiff's action, and we are of opinion that the defendant should have an opportunity to present the defenses she relies upon for that purpose. But the case is one in which very strict terms should be imposed as a condition of granting the privilege she asks. She undoubtedly has had two opportunities, at least, to withdraw the demurrer at prior stages of the action, and, having waited to apply for the favor she now asks, the plaintiff should be indemnified for the expense incurred in resisting appeals unsuccessfully taken by the defendant to the general term and the court of appeals.

The order of the special term should be reversed, with costs to the appellant, and the motion granted, on the payment by the moving party of all the costs of the action as taxed including the extra allowance, from the service of the demurrer up to the present time, and $10 costs to the plaintiff for opposing this motion. All concur.